No. 24,916.

ERRETT WILLIAMS and E. H. HILL, *Appellees*, v. THE FIDELITY PHŒNIX FIRE INSURANCE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

FIRE INSURANCE—*Contract Made—Time of Payment of Premium Extended— Policy Never Delivered—Defense; Cancellation of Policy and Default on Payment of Premium—Issue of Cancellation Submitted to Jury—Verdict and Judgment for Plaintiff*. The pleaded defenses to liability on a fire insurance policy, admittedly issued, were that the premium had not been paid and the policy had been cancelled before loss occurred. When the contract was made, credit was extended for the premium. When the policy was issued, it remained in possession of the insurer's agent, and after loss occurred it was withheld from the insured. Before the action was commenced, proof of loss was returned to the insured and their offer to pay the premium was declined, on the ground no contract of insurance existed. The issue of cancellation was properly submitted to the jury, which found for the insured, and the amount of the unpaid premium was deducted from the amount due on the policy. *Held*, the insurer may not complain because the premium was not paid into court, or because it did not receive the benefit of conditions contained in the policy.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed March 8, 1924. Affirmed.

*Ellis J. Fink*, of Winfield, *John H. Newman*, and *C. C. Crow*, of Kansas City, Mo., for the appellant.

*W. L. Cunningham*, and *D. Arthur Walker*, of Arkansas City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a contract of insurance. Plaintiffs prevailed, and defendant appeals.

The Hill Investment Company is an insurance agency at Arkansas City, and was defendant's agent. Plaintiffs applied to the investment company for insurance in the sum of $32,000, on an airplane hangar, a stock of airplanes, a stock of airplane appliances and supplies, and certain tools, machinery, and equipment, leaving to the agent selection of companies and distribution of the risk among them. The oral negotiations were such that a contract of insurance was effected with defendant, and on March 22, 1921, defendant, through its agent, did issue its policy insuring the property described to the amount of $2,500, for one year. When the contract

Williams v. Fire Insurance Co.

was made, the agent extended credit for the premium, for sufficient reasons which need not be stated. The policy remained in the possession of the defendant's agent, and on March 24, 1921, defendant instructed the agent to cancel it. On April 16, 1921, the property burned.

The petition alleged that after the fire defendant concealed the fact it had issued the policy, and plaintiffs did not discover the true state of affairs with reference to the insurance on their property until November, 1921. Plaintiffs then submitted proof of loss, which was returned in a letter from defendant, stating it had no policy of insurance on the property when the fire occurred, and denying any liability to plaintiffs. An offer by plaintiffs to pay the premium was declined by defendant for the same reason. The petition pleaded tender of $50, the amount of the premium, to defendant's agent, and offered to pay that sum or whatever the correct amount of the premium might be.

The answer admitted defendant issued the policy, admitted an offer to pay the premium had been declined, and pleaded two defences and no more: first, cancellation by the agent pursuant to direction of defendant given the agent March 24, 1921; and second, nonpayment of premium.

It was not necessary for plaintiff to pay the amount of the premium into court when the petition was filed. Payment of the premium was not a condition precedent to liability on the policy, it was enough that the matter be taken care of at the trial, and the amount of the premium was deducted from the amount due on the policy.

At the trial defendant proved cancellation of the policy; but to bind plaintiffs it was essential notice of cancellation should be brought home to them before the fire. To do this, defendant sought to convert its agent into an agent of plaintiffs to receive notice of cancellation. No specific instruction on the subject was requested, the issue of notice to plaintiffs of cancellation was submitted to the jury under instructions favorable to defendant, and the verdict of the jury settles the matter.

Defendant now contends plaintiffs did not comply with certain conditions of the policy. Having withheld the policy from plaintiffs after the fire, having denied all liability when plaintiffs were endeavoring to comply with the conditions of the policy, and having stood in its pleading on the fact that no contract of insurance was

in existence when the fire occurred, defendant is not privileged to make the contention. This observation applies to the condition limiting liability to a proportionate amount of all insurance on the property. Certain evidence offered by defendant on that subject was not pertinent to the issues, and was properly rejected.

Some other propositions advanced in defendant's brief are without substantial merit, and the judgment of the district court is affirmed.